3 U.S. 503
 3 Dall. 503
 1 L.Ed. 697
 Wharton et al. Executors
v.
Fitzgerald
 Supreme Court of Pennsylvania
 June, 1799*
 
 1
 Indebitatus assumpsit. The action was founded on the following facts: On the 15th day of July, 1749, Joseph Ogden, being seized in his demesne as of fee, of and in a certain messuage and lot of ground, situate in the city of Philadelphia, made his last will and testament, by which he devised the premises to his mother, Hannah Wharton, the testatrix, by the name of Hannah Ogden, in fee; and died in the same month, unmarried and without issue.
 
 
 2
 From the 3rd of February, 1752, the rents and profits of the premises had been received by John Cox and Sarah his wife, formerly Sarah Edgehill, who claimed one moiety in her right; and by Samuel Mifflin and Rebecca his wife, formerly Rebecca Edgehill, who in her right claimed the other moiety, by descent from the said Joseph Ogden. As a foundation for this claim, they alledged that the said Joseph Ogden died intestate, being under age at the time of making his said will; that in consequence thereof, the fee simple of the premises descended to Rebecca Edgehill, the sister of the said Hannah Wharton, the testatrix, and heir at law, as to the premises, of the said Joseph Ogden; that the said Rebecca Edgehill was the mother of the said Sarah Cox and Rebecca Mifflin; and that all her right and interest in the premises descended to them.
 
 
 3
 Samuel Mifflin died; and, afterwards, on the 26th of August, 1782, the said Rebecca Mifflin, John Cox and Esther, his then wife, by Indenture bargained and sold the premises to Thomas Fitzgerald, the Defendant; who thereupon entered into possession, and took and received the rents, until the of 1792.
 
 
 4
 On the 28th of November, 1786, the said Hannah Wharton, the testatrix, and devisee of Joseph Ogden, made her last will, by which she devised the premises to her son William Ogden, in fee; appointed the Plaintiffs her Executors; and, afterwards (on the 24th of January 1791) died.
 
 
 5
 After the death of his mother (at March Term, 1791) William Ogden instituted an ejectment against the Defendant, to recover the premises; and obtained a verdict and judgment in November, 1792: And the rent accruing from the time of the said Hannah Wharton's death, until the of 1792, when possession was delivered to the said William Ogden, was duly paid to him by the Defendant.
 
 
 6
 But the present action was brought to recover a compensation for the use and occupation of the premises, and the rents received therefrom, from the 26th of August, 1782, when the conveyance was made to the Defendant, until the death of Hannah Wharton, the testatrix, on the 24th of January, 1791.
 
 
 7
 The case being thus opened, the Court called on the counsel for the Plaintiffs to shew on what ground they could maintain such an action; when they cited and relied on, Haldane vs. Duche's Executors. 2 Dall. Rep. 176.
 
 
 8
 But, by the Court: This is the case of a bona fide purchasor, for a valuable consideration, from the heirs of a disseisor, after a descent cast, and without notice of the disseisen. It is impossible, that any precedent can be produced, that any principle can be suggested, to authorise such an action. There was an acquiescence of more than forty years, and all the facts were equally in the knowledge of both the parties. This circumstance makes the essential distinction between the present case, and the case of Haldane vs. Duche's Executors; where the facts were in the knowledge of the testator only; and the action was brought against the representatives of the person himself, who had suppressed, if not misrepresented, the truth.
 
 
 9
 Non-Suit.
 
 
 10
 Rawle and M. Levy, for the Plaintiff, Ingersoll and M'Kean, for the Defendant.
 
 
 
 *
 This Court of Nisi Prius was held at Philadelphia, before M'Kean, Chief Justice, and Shippen and Smith, Justices.