Jackson, J.
There is no doubt of the plaintiff’s right to recover the value of the mesne profits taken by the defendant, by virtue of the first judgment, which was afterwards reversed. The award or entry on reversal is, that the plaintiff in error be restored to all things which he has lost by reason of the judgment aforesaid; or, in case of a real action, it may be more particular, viz., that he be restored to the tenements aforesaid, with the appurtenances, together with the issues and profits thereof, received in the mean time between the judgment aforesaid and the reversal tnereof, and to al1 things, &c. (2) At common law, a writ of restitution then issues to the sheriff, commanding him to restore the plaintiff in error to his seisin of the land, and also to inquire by a jury of the value oi" the issues and profits for the mean time; and the amount, when ascertained by this inquisition, to levy of the land and chattels of the defendant, and to pay the same to the plaintiff.
This mode of recovering the mean issues has never been adopted in this state, (a) The inquiry of damages in other cases is always by a jury in court, and not before the sheriff; and, indeed, the sheriff never exercises this kind of judicial authority, except in certain cases, as of highways and mills, where he is specially authorized by statute. The only mode, therefore, under our laws, of ascertaining tiie value of the issues and profits, is by the verdict of a jury upon a trial in open court. Such a trial could not regularly be had. without some new suit or process, instituted by the plaintiff in error to bring the defendant into court. A scire facias does not seem adapted to the case, because the amount to which the plaintiff is entitled depends upon evidence in pais, and there is nothing on the *430 record by which the Court could estimate it. Such a process may be conveniently used in personal actions, where damages [ * 435 ] * have been recovered by the original plaintiff; because the record shows the amount to which the plaintiff in error is entitled. (3) There seems, therefore, to be no. other course for the plaintiff in error, but to bring a new action for the issues and profits; and we have no doubt that such an action is maintainable in our courts. It is the same in principle as an inquiry of damages by the sheriff, by virtue of the writ of restitution, varying only in form, as we do in a variety of other cases, where a right is given by the common law; but the remedy prescribed is incompatible with our usages and practice.
The great doubt in our minds has been, whether the plaintiff can maintain assumpsit; or whether he should not rather have brought respass for the mesne profits. We are not prepared to say that trespass might not have been a more apt remedy. But if it were more clear, it would not necessarily follow that assumpsit could not be maintained.
It appears, however, in some degree absurd to consider the defendant as a wrong-doer, and as entering with force and arms, when he was entitled by a judgment of the Court, and was put in possession by force of their writ to' the sheriff. If it be said that the first judgment is now wholly void by the reversal, and that it cannot be shown that such a judgment ever existed, there being no existing record of it, it may be answered, that this is merely a fiction of law; and it seems at least equally consistent with the truth of the case to suppose that, when a recoverer enters under a known legal liability to account for the issues and profits, if the judgment should be reversed, he undertakes, in that event, to account accordingly.
Neither of these actions would comport exactly with the facts of the case. It is not true that the defendant, with force and arms, broke and entered the plaintiff’s close ; nor is it true that he agreed with the plaintiff to pay him rent for the premises. Yet an action in either of those forms may very well answer to present the question between the parties for legal adjudication.
With respect to goods, it is a long-established rule, that [ * 436 J * the owner, from whom they have been tortiously taken, may in many cases waive the tort, as it is expressed, and state his demand as arising on contract. It is competent for him to treat the party liable to his action as a purchaser, an agent, or a bailee, whose use or disposal of the goods is thereby sanctioned and *431 confirmed; and then the value of the goods, or a fair compensation for the use of them, is recoverable, and to be assessed in damages. (b) Sundry cases to this effect are stated in Hambly vs. Trott. (4) As if one take a horse from another and bring him back again, the owner may maintain trespass against the wrong-doer; or, after his death, an action for the use and hire of the horse against the executor. So, in the like case, the owner might waive the trespass as against the original taker, and bring trover against him. (5) So, in Johnson vs. Spiller, (6) it was holden that a demand in trover may be proved as "a debt against a bankrupt, if the demand be of such a nature that it can be liquidated, as for the value of goods converted by the bankrupt.
We see no difficulty in applying these principles to the present case. The form of the action may be considered, as it is in many other cases, a legal fiction, suited to try the merits of the cause.
This is not at all like an action for mesne profits by the original demandant, after a recovery in a real action. In that case there must have been a tortious entry or a deforcement by the defendant, and the plaintiff has so considered it in his previous action. It is perfectly consistent, therefore, in his action for the profits, to treat the defendant as a trespasser. In the case at bar, the defendant lias not, in fact, been guilty of a tortious entry ; nor has the plaintiff, in any previous stage of the controversy, treated or considered him as a trespasser.
We are not controlled, in the present case, by any established practice; and in supporting the present action we violate no principles of law. The action of assumpsit is at least equally favorable to the defendant as trespass would be. But there is another reason, which operates very powerfully * in favor of the [ * 437 ] action of assumpsit. It is, that it will lie as well against the executor or administrator of the defendant in error as against the party himself in his lifetime. If trespass only could be maintained, the right owner would be without remedy, if his adversary *432 should die before the issues and profits were recovered. There must be

Judgment according to the verdict, 

(c)

ADDITIONAL NOTE.
[See Washington, &c., vs. Brown, 3 Metc. 293. — Carver vs. Astor, 4 Pet. 1. — Society, &c., vs. The Town, &c. 4 Pet. 480. — Allen vs. Carter, 8 Pick. 175. — Boston, &c., vs. Reed, 8 Pick. 459. — Winkley vs. Hill, 6 N. H. 391. —Jackson vs. Leonard, 6 Wend. 534 —Morgan vs. Varick, 8 Wend. 587.— Dowd vs. Fawcett, 4 Dev. 92.— Paston vs. Jones, 2 Dev. & B. 294. — Hoston vs. Wickersham, 2 Watts & Serg. 308 — F. H.]

 13 Co. 21. — Rast. Ent. 308.

 [Where a writ of restitution, in a process of forcible entry and detainer, had been executed, and the proceedings were afterwards quashed, a writ of re-restitution was awarded. — Commonwealth vs. Bigelow, 3 Pick. 31. — Ed.]

 W. Jones, 326. — 2 Show. 210

 [The law laid down above by the learned judge is somewhat impugned by the decision in Jones vs. Hoar, 5 Pick. 285. But see Foster vs. Stewart, 3 Maule Selw 198. — Lee vs. Shore, 1 B. & C. 94. —2 D. & R. 198. — Buller, N. P. 130. — Hill vs. Perrott, 2 Taunt. 274. — Lightly vs. Clonston, 1 Taunt. 112. — Hull vs. Vaughn, 6 Price, 159. — Bingh. L. and T. 63. — Stark. Ev. 1517.
Mr. Phillips, however, in his last edition of his treatise on evidence, says,M It is not to be understood that an action of trover can be converted into an action for goods sold and delivered at the option of the plaintiff; the rule seems to be principally applicable to cases where the plaintiff has been induced by a fraud on the part of the defendant to make a contract with a nominal party, of which the defendant derived the whole benefit.” — Phil. vol. ii. p. 111, 7th ed. — Ed.]

 Cowp. 371.

 1 Burr. 31.

 Doug 167, note 55.

 [But see Wyman vs. Hook, 2 Greenl. 337. — Ryan vs. Marsh, 2 Nott & M'Cord, 156. — Smith vs. Stewart, 6 Johns. 46. — Bancroft vs. Wardwell, 13 Johns. 489. — Featherstonehaugh vs. Bradshaw, 1 Wend. 134. — Henwood vs. Cheesman, 3 Serg. Rawle, 500. — Wharton vs. Fitzgeral, 3 Dall. 503. — Hegan vs. Johnson, 2 Taunt. 148. — Kirtland vs Pounsett, 2 Taunt. 145. — Hearne vs. Tomlin, Peake, C. 192.—Keating vs. Bulkeley, 2 Stark. R. 356. — Bingh. L. and T. 63. — Com. L. and T. 380. — Mayor of Nortk-Hampton vs. Ward, 1 Wils. 109.— Woodf. L. and T. 352. — Saund. on Plead. and Ev.889.—Allen vs. Thayer, 17 Mass. Rep. 299. — Ed.]