## BANCROFT AND WIFE *against* WARDWELL.

THIS was an action of *assumpsit*, for use and occupation,
which was tried before Mr. Justice *Van Ness*, at the *Oneida*
circuit, in *June*, 1816.

The premises in question, were situate in the town of *Rome*,
in the county of *Oneida*, and were part of certain lands which
had been held by one *Hawes*, under a lease for three lives, who
died leaving several children, his heirs at law, and a widow,
who was now the wife of the plaintiff, whose dower was assigned
to her in severalty by the heirs, which the plaintiff had im-
proved and leased, reserving the rents, for several years, until
1812. One *Peck*, a witness on the part of the plaintiffs, testified,
that the large lot, of which the premises are a part, was held in
different proportions by several tenants, among whom was the
defendant, under a lease from *John Lansing*, jun, that the wit-
ness, by the defendant's orders, had taken possession of his part

NEW YORK,
October, 1816.

BANCROFT
v.
WARDWELL.

An action for use and occupation can only be maintained where the relation of landlord and tenant exists between the parties; and it will not lie against a person who has come in under the plaintiff as a purchaser from him.

of the large lot, which lay in *Rome*, and fenced in, and cultiva-
ted, a certain piece, called the rye-field, containing 18 or 20
acres, which had for several years been uninclosed, and about
one third of which had been assigned to Mrs. *Bancroft;* that
the next year the plaintiff, *Bancroft,* called on the witness, and
said that he thought the defendant ought to pay him something
for his right in the lot, or do something about his claim to it,
and wished to sell it. To this the witness replied, that he had
no authority from the defendant to make any bargain for him;
that the witness, at *Bancroft's* request, wrote to the defendant,
stating, in substance, what *Bancroft* had said, and wishing his
directions, to which he shortly after received a letter in reply,
directing him to take possession, at all events, of the remainder
of the same, including the residue of the land claimed by the
plaintiffs, and that he, the defendant, would do what was right
about it; that the witness, accordingly, took possession of a
piece of land, called the elder lot, which was then uninclosed,
and cleared it, and fenced it, with the consent of the plaintiffs,
under the above-mentioned arrangement; that the defendant
soon after arrived from *Rhode-Island*, where he then resided,
and on *Bancroft's* proposing to sell his wife's right, the defend-
ant said that the plaintiffs had no right to the land claimed by
them, and ought to pay him for waste committed upon it; that
the witness had never heard *Bancroft* make any claim for the
use and occupation of the premises, but merely wished to sell
his claim in right of his wife's dower, and that the defendant
had improved the land, until the time that this suit was brought.
Another witness for the plaintiffs stated, that he was present at
conversations between *Bancroft* and the defendant, in which
the former never pretended that he had any claim to demand
rent of the defendant, but his only object was that the defendant
should pay him something on a purchase of his claim, and in
that way extinguish it, and that *Bancroft* said, that he supposed
that the defendant would give him something for his claim, in
consequence of the letter which he had written to *Peck;* that
the defendant replied, that *Bancroft* had committed great waste
upon the land, and that he had no right to it, and, therefore,
he considered himself under no obligation to give him any thing
for his claim, but that *Bancroft* ought to pay him for the waste.
Upon this evidence the judge directed the plaintiffs to be

nonsuited; and they now moved the court to set aside the nonsuit.

NEW YORK,
October, 1816.

BANCROFT
v.
WARDWELL.

Storrs, for the plaintiffs, contended, that the statute intended to afford a liberal remedy against tenants, and that wherever a tenancy exists, the action for use and occupation would lie. That, unless there was a contract of sale, the defendant must be considered as a tenant at will. That there being no terms, or price, or quantity of land agreed upon, there could be no contract of sale. That this case was distinguishable from that of *Smith* v. *Stewart*,[*] where the defendant entered under colour of a title that could be enforced in a court of equity. The defendant is a tenant at will,[†] without a reservation of rent. The plaintiffs are not bound to treat him as a trespasser. It is enough that the defendant himself, or by his agent, occupies the land.[‡] If the defendant cannot, in this action, dispute the plaintiffs' title, it must be on the ground of tenancy.

[*] 6 Johns. Rep. 46.

[†] Jackson v. Bradt, 2 Caines, 169.

[‡] Comyn. on Con. 511. 1 Esp. Cases, 59. Bl. 323.

*Talcot*, contra, insisted, that the defendant did not, in any manner, enter into possession under the plaintiffs, so as to create the relation of landlord and tenant; and that the case of *Smith* v. *Stewart* was directly in point. In *Kirtland* v. *Pounsett*,[§] the court of common pleas, in *England*, decided, that if a purchaser takes possession under a contract of sale, which, afterwards, on account of some defect in the vendor's title, is not executed, the vendor cannot recover for the use and occupation for the time the vendee was in possession.

[§] 2 Taunt. Rep. 145.

Again; this action should have been by the husband alone. Though the defendant cannot dispute the title of the plaintiff in this action, he may deny that the wife has any interest. The promise, if any, was made to the husband, not to the wife; and without an express promise to her, she cannot be joined.[||] There was no estate of which she could be endowed.[**] The husband alone has an action of debt for rent.[††]

[||] 1 Salk. 114. 2 Wm Bl. Rep.

1236.
[**] 1 Cruise's Dig. 151.

[††] Vin. Ab. Baron, et Feme. (2) pl. 8. note. pl. 12.

*Per Curiam.* This is a motion to set aside a nonsuit granted at the trial. The action is for use and occupation; and the question is, whether the evidence was sufficient to support the action. It is a well settled principle, that this action cannot be sustained, unless the relation of landlord and tenant exists between the parties. But the facts in this case furnish no

NEW YORK,
October, 1816.

evidence of any such relation. If the defendant could be considered as holding at all, under, or by the permission of, the plaintiffs, it was as a purchaser, and not as a tenant. Such holding is not enough to maintain this action, according to the decision of the court, in the case of *Smith* v. *Stewart*, (6 *Johns.* 49.) There were no facts from which a tenancy could be inferred, and, therefore, nothing which ought to have been submitted to the jury. The first application made by *Bancroft* to the defendant's agent, was to *sell* his claim to the lands in question, and which then lay in common. Neither the letter written by the agent to the defendant, nor the answer, intimate any agreement to take possession as tenant. But the defendant directs his agent to take possession, at all events, and he would do what was right about it, when he came up. The possession was afterwards taken, with the consent of the plaintiffs, and under the above arrangement. The defendant never had consented to any arrangement, other than to do what was right about it, and the only proposition made by the plaintiffs was to sell; and it was impossible, from these facts, to infer any agreement that could create the relation of landlord and tenant. The motion to set aside the nonsuit, must, therefore, be denied.

*Motion denied.*