*Thomas Butler *v.* Leonard H. Cowles, Administrator [205 of Moses Bixbe.

Action of *assumpsit* for use and occupation, will not lie, to recover mesne profits, after recovery in ejectment.

This cause was reserved in the county of Delaware, on a written statement, as follows: " In case, etc., for use and occupation. It is agreed in this case, that Moses Bixbe, in his lifetime, took possession of the premises in the declaration mentioned, claiming title to the same.   That he used and occupied them a short time himself, and afterward by his tenants, who paid him the rent in money, etc.   The plaintiff, also, during the occupancy by Bixbe, claimed title to the same premises, and from time to time, gave notice to Bixbe that the premises were his.   It is admitted that the legal title to the said premises was in the plaintiff, and still is in him, and that he took possession under a *habere facias*, having recovered in an action of ejectment.  If the plaintiff is entitled to recover under this statement of fact, then a jury shall assess the damages; if not, there shall be a judgment of nonsuit, etc."

Parish & Boatt, for plaintiff:

From the nature of the ancient English tenures, as they existed until the abolition of their most prominent features, in the reign of Charles II., it can not be expected that anything should be found in the old authorities and books, shedding much light upon this subject; and it will be found that, since that time, courts have been extending the remedy so as to operate beneficially for plaintiffs, according to the justice of their case; especially since the 11 George II. and the liberal construction given by Lord Mansfield to the action of assumpsit.

189

It has been said that the action for use and occupation was given by the 11 George II., and that, before that time, the action did not lie, unless there was an express agreement; but from a view of the authorities, it will be seen there was a distinction between lands and houses or shops. Com. Dig., title Action on Assumpsit, C. In the latter instance, it was not necessary that there 206] should have been an express promise, *but in the former, it was. *Vide* Comyn, *ut supra.* In some cases, it was held that assumpsit would lie on implied contract, for the use of lands, 2 Mod. 260; in others, it was held that the law would raise no promise during, or after the term, for it is an incorporated hereditament, savors of realty, and arises by privity of estate. Roll. Abr. 7 v. 25, 30; Cro. Car. 343; Style, 453; 3 Lev. 50. Since the statute of 11 George II. assumpsit has lain, as well for implied as express agreements, to pay for the use and occupation of lands, and it is now a common remedy, both in England and in the United States. 3 Stark. Ev. 1512; 1 Swift Dig. 417; 3 Ohio, 264; 1 Munf. 407; 4 Day, 299; 1 Bay, 315, 443; 14 Mass. 95, 97.

But the question here occurs, whether the facts in the case are such that we can recover in this form of action; for it has been denied in the case of Sinnard v. McBride, Adm'r, 3 Ohio, 264, before cited, that action for use and occupation, lies in favor of the lessor of the plaintiff, in ejectment, for rent that accrued subsequent to the demise laid in the declaration in ejectment, and the reason is, because, by bringing the ejectment, the plaintiff has elected to consider the defendant as a trespasser, and is estopped by the record from denying it: "he can not blow hot and cold at the same time;" but it is very distinctly stated in the same case, "that the law seems well settled that after a recovery in ejectment, assumpsit will lie for mesne profits, anterior to the demise; and there are certainly very strong reasons why it should, especially in favor of an administrator, who would otherwise be without remedy. Equitably, every one who enjoys the property of another, with or without his consent, tortiously, or with his permission, ought to be accountable to the owner for the use of it, either before or after ejectment; and the defendant ought not to be permitted to set up his own tortious acts, in assumpsit, to defeat the action for the use and occupation of land, any more than in actions relating to personal property, where, beside the injury, property is acquired, which benefits the defendant's testator. In

Butler *v.* Cowles, Adm'r, etc.

the one case as in the other, the party injured, ought to be allowed to waive the tort, and bring an action *ex contractu;* and it is believed that, upon an examination of the authorities, it will be found that the reason of the rule, *which obliges the owner [207 to bring ejectment against a person in possession of lands, claiming adversely, so far as it is declared, or is apparent from the reported cases, is not that the cause of action will not admit of a remedy in form *ex contructu,* any more than the receiving of the money of another, without his consent, is such cause; for the bare enjoyment of the quiet possession of the lands of another, without his consent, is no more a wrong, a tort, or an injury, which arises *ex delicto,* or *ex mali facie,* than it is to receive the money of another without assent. There are too many causes of action which will lie in form, either *ex delicto,* or *ex contractu.* Such, on the one hand, are actions in case founded upon contract, where the contract itself is considered merely as inducement to the action, and the gravamen is the breach, considered as a tortious negligence; so, on the other hand, the unlawfully converting of the goods of another, to one's own use, is a tort, though the real injury to the plaintiff is the loss of property which the defendant has gained, for which an action of assumpsit will lie after the death of the wrong-doer. Lord Mansfield, Cowp. 376.

The true reason is, that the plaintiff shall not be allowed to bring such action until after he has established his right to possession by an action of ejectment, for the action for use and occupation is not well calculated to contest the title to lands, and it would often impose a hardship upon the defendant, by not apprising him of what he is called upon to defend. So assumpsit will not lie to recover money paid for the return of cattle, wrongfully distrained, and for the same reason. Cowp. 411; 2 Stark. Ev. 111. The action of ejectment is peculiar in its kind, and is well adapted to the recovery of lands. The right to possession is put directly in issue, and if the plaintiff had it at his option to adopt a different remedy, that puts in issue, not the right of the plaintiff to the possession of the premises, but a fact which might, possibly, be indedendent of it; it would not only impose great difficulties on him in trying his title, but it would, in a great measure, supersede the benefits of the action of ejectment, and be introductory of a new law.

Therefore, it is incumbent on the plaintiff, in actions for use and

Butler v. Cowles, Adm'r, etc.

occupation, to show that the defendant was his tenant, and went 208] into possession with his permission.or license, *has attorned, or done that which is tantamount by our law; or has recovered in ejectment, for, by either of these acts, the title is put at rest; and this was expressly declared to be the reason why ejectment must be brought against the possessor, holding adversely, at the Worcester Spring Assizes, 1788, in the case of Cunningham et ux. v. Lawrents, Bac. Ab. 160. That was an action of assumpsit for use and occupation against a defendant, who claimed adversely. Wilson, Justice, nonsuited the plaintiff, and was of opinion that the mode of proceeding was by ejectment; or, in case that could not be brought by an action against the tenant for the rent wrongfully paid by him to the person not entitled to it; and, indeed, it is obvious that questions may arise which the defendant could not be prepared to meet or control. See also 2 Cranch, 344, 345. After ejectment brought, the plaintiff is estopped from saying that the defendant undertook and promised to pay rent subsequent to the demise, because he has already said, and put it upon the record, that the defendant, with force and arms, etc., entered. But upon what principle is it that the plaintiff is allowed to recover for a time anterior to the demise, except it be that, as the plaintiff has established his title and right to possession by ejectment, the law raises the assumption? It surely can not make the possession anterior to the demise any the less tortious, that the plaintiff has subsequently recovered possession. The true reason is, that the title having been ascertained, the law raises the promise by implication. Thus the court, in 3 Ohio, say, " the reason of the distinction is evident. In the former case the presumption of a contract is not excluded; in the latter case it is. A man can not hold by agreement and as trespasser at the same time, though for a part of the time he may hold by agreement, and for the residue as a trespasser." See also Peake's Ev. 258; Bul. N. P. 133, and infra. 113. Also, 4 Burr. 1984, that in an action for use and occupation by a stranger, the title can not be tried. In the case now before the court, the defendant has estopped himself from saying that the title is not in us, for it is admitted to be in the plaintiff, and that he has recovered in ejectment against one of the tenants who held under the same claim of title. No issue can be made upon it, so that the case, in relation to that part of the premises for which no 209] ejectment has been *brought, stands precisely the same as

If we had recovered in ejectment, and the demise were laid at the time of defendant's testator having left the premises. The manner of proving the title in us can not alter the right.

Whether the defendant acknowledged the title is in us, on the records, as he has, or whether he acknowledged that we had recovered in ejectment, or whether he produce the record of ejectment in court, is all one. So, too, if the defendant acknowledge tenancy, or that he has paid rent, or that he has attorned, which is the same as acknowledging title in the plaintiff, as we have no attornments; in either case the title would be out of the question, either by the acts which imply a disclaimer of the title, or expressly by his deed or declaration.

But it is not necessary for us to show that the action will lie against the parties to the injury in its present form, for it is conceived that where the cause arose out of property, and was not a personal tort, but was such an injury whereby the defendant had received a benefit in estate, although during the lives of the parties no other than an action *ex delicto* would lie, yet that subsequent to the death of either of them the representative may bring an action in form, *ex contractu;* and the court in the case in 3 Ohio, above cited, recognized the doctrine laid down by Lord Mansfield, in the case of Hambly *v.* Trotter. They say: "The action of assumpsit is often sustained when there is not, in fact, any agreement between the parties. The proper action against a common carrier is on the custom of the realm, which is a sort of tort; but after the death of the carrier, assumpsit may be maintained against his representatives. So trover, which is for a tort, is the proper remedy against one, who unlawfully converts the goods of another to his own use; but after the death of the wrong-doer, assumpsit, for the value of the goods, will lie against the executor, but this must be when the facts are such that an agreement may be presumed. So if a man take the horse of another, and bring him back again, an action of trespass will not lie against his executor, though it would against him; but an action for the use and hire of his horse would lie against the executor." Lord Mansfield, Cowp. 375. The fact that this is an action against an administrator is a feature which distinguishes this case from *those of ordinary occurrence and from necessity, and to [210 do justice ought to have much weight with the court.

Again, the statement of facts, in the agreed case, shows that we

have recovered a part of the premises in ejectment, and we claim to be entitled to recover for all the time the defendant's testator enjoyed the possession previous to the recovery in ejectment. The agreement only states the bare fact that we had recovered a part of the premises of a tenant of Bixbe's. It does not show that we have ever admitted the defendants to have been trespassers, on the record, except at the time of the recovery. It is altogether too vague and uncertain to determine anything else in relation to the ejectment, except that from the manner in which the agreement is drawn, it would appear that the defendant's testator occupied the premises a number of years.

In the case in Ohio Reports, already quoted, we see the court have refrained from any remarks on section 71 of the statute, page 65, from which we draw the conclusion that it was supposed that the action of assumpsit for mesne profits survived to the administrator at common law, in which case it could have no bearing on the question; and such, indeed, is evidently the decision as it respects the use of lands previous to the demise. We will, however, venture to offer our views on that section of the statute. It will be seen that it only has relation to the cause without prescribing the form of the action, though it descriptively provides that such cause, for which an action on the case will lie, shall survive to the administrator if it were an injury to property. But we think the cause of action, which the statute makes to survive, is not confined to such cause only, for which an action on the case would have been sustained against the decedent.

No sense can be made of the statute, according to its present punctuation, without supplying the words "or trespass," immediately after the first comma in the section. Independent of the reason that there was as much need of legislation to provide that causes, for which trespass would have been supported, shall survive, as there was to make that provision in the case of causes, for which trespass on the case would have lain against the testator, and with as much justice, too, there exists sufficient evidence 211] that the sense is *incomplete as it now stands. The section immediately preceding provides that when an action of trespass, or trespass on the case, shall have been commenced and the party died, etc. Why omit trespass in cases where no suit has been commenced?

But the occurrence of the words, " either of said actions," in same

Butler *v.* Cowles, Adm'r, etc.

section 71, and which have relation to the actions, the causes of which shall survive, prove beyond a reasonable doubt that one of the actions is left out, which causes the disagreement in number If this construction be right, and if the statute only has relation to the cause, without providing that an action, in form *ex delicto*, may be brought thereon ; and as actions in form, *ex delicto*, requiring pleas of not guilty, which is said to be decisive when brough⸱ by or against an administrator, do not survive at common law, the statute would remain a dead letter unless we were allowed to adopt this form of action. It would be inoperative because, by the statute the form doth not survive; and by common law, because the subject matter or injury doth not survive.

Cowles, for defendant:

The action of assumpsit, for use and occupation, would not lie at common law. It is given by the statute of 11 George II., ch. 19, sec. 14; this is the English law, and the law in some of the states, especially in the State of New York, where the English statutes have been adopted. This action will not lie unless where the relationship of landlord and tenant exists, or can be traced, founded upon some agreement expressed or implied. 2 H. Black. 319; 6 Johns. 46.

The action for use and occupation has been sustained and acquiesced in, in this state, from the equitable principle that where there is evidence of a contract or license for the enjoyment of real estate, although by parol, and the party has quietly held and enjoyed the premises beneficially for himself, it is reasonable that he should pay rent for the same. It was a long time doubted by the bar and the courts whether this action could be sustained, in this state, upon any parol agreement express, being considered within the provisions of the statute requiring estates and lands to be assigned and *granted by deed or note in writing; but the courts [212 considering the quiet enjoyment as part performance, and furnishing evidence of a license or contract on that ground, have sustained the action. This action never has been sustained unless there was evidence of a contract express or implied. Even where the party took possession by purchase, it was held that the action could not be sustained. 6 Johns. 46.

Wherever the circumstances of the case show that the party has held and occupied in any other manner than under a contract ex-

press or implied, it has uniformly been decided that this action would not lie; and especially in this case it can not be sustained where the possession of the intestate was, as to the plaintiff, tortious and adverse; having entered under a title adverse to the plaintiff, he was considered as a trespasser during his occupation of the premises; and the facts stated in the agreed case show that the plaintiff recovered the possession in an action of trespass in eject-ment.

There is not only the want of matter showing an agreement, but the case itself furnishes the proof of facts which estops the plaintiff from presuming it. As the plaintiff has treated the in testate as a trespasser, he can not, at the same time, consider and treat him as a lawful tenant, and recover the rents and profits of his representative in this form of action.

The court will not consent to prostrate the ancient landmarks designating the different forms of actions, *ex contractu* and *ex delicto*, and extend the action of assumpsit as the universal remedy. The plaintiff's case is unsupported by any case in the books or *dictum*, except the *obiter dictum* of the judge in the case of Sinnard *v.* McBride, Adm'r, 3 Ohio, 264, which opinion is unsupported by any authority there cited, or to be found in the books. It was a mere *dictum* in a case *coram non judice*.

The court are referred to 13 Johns. 297; 15 Johns. 508, where the decision of the case of Smith *v.* Stewart, 6 Johns. 46, is recog-nized, and the principle well settled that this action can not be sustained. If the plaintiff is without remedy, he has only to apply to the legislature of reform, and they will afford it. The plaintiff's counsel will not pretend that he is supported by any **213]** authority in the books, but only *the court to innovate upon the law as well settled, to extend unto him this extraordinary remedy.

By the COURT:

It seems well settled that a plaintiff, after a recovery in eject-ment, can not, in assumpsit, for use and occupation, recover rents and profits, accruing after the date of the demise in the declara-tion. 1 Term, 378; 3 Ohio, 264; Woodfall's Ter. L. 432. Bixbe entered claiming title, and not as tenant. This action, by statute 11 George II., ch. 19, sec. 14, lies upon an implied agreement to pay rent. To create the relation of landlord and tenant, an agree-

ment, either expressed or implied, must exist. Presumptive evidence will do, such as that the defendant holds over after the expiration of his lease by parol. Osgood *v.* Dewey, 13 Johns. 240 ; 3 Stark. Ev. 1516; 13 Johns. 297.

But the facts must show, expressly or impliedly, that the defendant occupies as tenant of the plaintiff. In the case of Smith *v.* Stewart, 6 Johns. 46, the defendant took possession of lands as a purchaser from the plaintiff, and by his consent, but afterward refused to pay, and abandoned the contract. The court say, as the defendant did not enter under the relation of tenant, but under a contract for a deed, the plaintiff could not recover in this form of action. The same principle was decided in the case of Bancroft *v.* Wardell, 13 Johns. 489; 1 Esp. N. P. 20; Woodfall's Term Law, 432; 3 Serg. & Rawl. 500; 17 Mass. 299; 2 Green. 337; 1 Munf. 407; 3 Dall. 503. These authorities establish the principle, that when a person occupies the land of another, not as tenant, but adversely, or, where the circumstances under which he enters, show that he does not recognize the owner as his landlord, this action will not lie. The remedy is trespass for mesne profits, after a recovery in ejectment.

It has been determined that a defendant can not in this action dispute the title of the plaintiff, and that *nil habuit in tenementis,* is a bad plea. Lewis *v.* Willis, 1 Wil. 314; Cook et al. *v.* Loxley, 5 Term, 4; 2 Wils. 208. In the principal case, the facts admit that Bixbe entered claiming title. This surely rebuts the implication of the relation of landlord and tenant.

*There is no express contract to pay rent; consequently [214 the plaintiffs can not recover on the facts before the court.

Judgment of nonsuit.