## DAVID CLOUGH *versus* JOSEPH HOSFORD.

When an individual enters on land under the consideration, and with the agreement that he is to purchase it, and afterwards he refuses to comply with his agreement, he may be prosecuted in an action of trespass, or of use and occupation, for the profits of the land at the owner's election.

THIS was an action of trespass for breaking and entering the plaintiff's close, in Lyme, on the 1st of April, 1829, and on divers other days between that time, and the 1st of May 1831. The defendant among other things, pleaded that he entered the close under a license from the plaintiff, and issue was joined upon the license.

The said issue was tried here at November term, 1832, when it appeared that the plaintiff, being seized of the *locus in quo*, on the 1st of April, 1829, agreed to sell and convey the same to the defendant, but for some cause no conveyance was made at the time. The defendant, immediately entered into the close, with the knowledge and assent of the plaintiff, and continued in possession until the fall of 1830, but finally refused to take a deed of the close and pay for it.

The defendant offered evidence tending to prove that it was agreed between the parties, on the 1st of May, 1829, that the defendant should go into possession, and that if he should conclude not to take the land, he should pay a certain rent during the time he might occupy.

The court instructed the jury that, although the plaintiff might have assented to the entry of the defendant with an understanding between them that the defendant was to buy the land and take a deed in due time, yet if the defendant afterwards refused to buy the land, it was a forfeiture of the benefit of the license, and that trespass might be maintained for the entry.

But if the defendant entered under an agreement to pay rent, in case he did not buy the land, then trespass could not be maintained for the entry.

The jury found for the plaintiff and the defendant moved for a new trial on the ground that the jury were misdirected.

*Wilcox*, for defendant, in support of the position that trespass would not lie, cited 11 East, 56, *Doe* v. *Wilson*, and 13 East, 210, *Right* v. *Beard.* Sugden on Vendors, 183, and other authorities.

*Kittredge*, for plaintiff, cited 6 Johns. 46 ; 13 ditto, 489.

UPHAM, J delivered the opinion of the court.

The only question raised in this case, is, whether trespass can be maintained. It is a general rule adopted by all courts that wherever one action will subserve the purposes of justice, as well as another, that it shall be

sustained unless the authorities are well settled to the contrary. The principal cases cited by the defendant's counsel are those of 11 and 13 East. The first of which is, that " where there is an enclosure made by license the defendant cannot be made a trespasser without first receiving notice to throw up the land again," and this is undoubted law, and the same is true of the case in 13 East where it is held that " one who is put in possession upon an agreement for the purchase of land cannot be ousted by ejectment, or treated as a trespasser, before his lawful possession is determined by demand of possession or otherwise." And the only question is whether this case is not embraced within the exception.

Sugden on Vendors, who is also cited by the counsel, says, that " where a purchaser is put into possession on a treaty for a purchase, ejectment will not lie, without a demand and a refusal to quit, unless, upon possession being given, he agreed to quit, if he should not pay the purchase money on a given day, or the like ;" exceptions which include this case. The instance put of a man's agreeing to pay the purchase money on a given day, and failing to do so, forms no greater reason why trespass should lie than the causes here assigned, and the authority is not confined to this case alone, but to " a refusal to pay the purchase money on a given day, *or the like*." Here was a tender of the deed, and a refusal to receive it as the defendants had agreed to do, which agreement formed the only consideration why he was permitted to enter upon the premises making this case one of that description in which it seems to be admitted that trespass will lie. These are the principal cases cited by the defendant's counsel, and they seem to us to come short of sustaining the position, that trespass cannot be maintained in this case as a matter of authority.

On the other hand, the case of *Smith* v. *Stewart*, 6 Johns. 47, is directly in point. It is there holden, " that where an individual enters into possession of land under a

contract for a deed, and refuses to perform the contract, he thereby becomes a trespasser, and assumpsit for use and occupation will not lie."

It is said that this case does not raise the question, and that the only point there decided is, that use and occupation will not lie, but we do not so consider it. The court undertook to decide, not only what action would not lie, but what would, and for all useful purposes of the decision, as a matter of practice which the court undertook to establish, the one point is as essential as the other. The only objection we take to the case, is, that while we consider it high authority that trespass will lie, we doubt much whether the decision that use and occupation will not, is sound law. The doctrine that the plaintiff may waive the tort, and bring his action of contract on implied promise where the defendant has had the use or avails of the plaintiff's property, has long been established as a well settled general rule, and if there is any case in which it is applicable it would seem to be this. We hold, therefore, the better opinion to be, that the plaintiff, on the principle adverted to, has a right of election—that he may commence his action of trespass or may waive the tort if he chooses, and go upon the implied promise to account.

The case of *Bancroft & al* v. *Wardell*, 13 Johns. 489, fully sustains the doctrine laid down in the case of *Smith* and *Stewart* that trespass will lie.

On the score of authority, therefore, we see nothing to prevent the maintenance of this action ; and as a matter of principle we know no reason why an individual who has had permission to enter upon land in consideration of his agreement to purchase should be permitted to violate the condition under which that permission was granted, without forfeiting any benefit for which the privilege would otherwise have availed him. If he avoids the contract he does it entire ; the law holds him in as with-

out right, and he is guilty of bad faith as well as trespass.

The instruction to the jury was right, and there must be

*Judgment on the verdict.*