Judge Lane
delivered the opinion of the court:
The verdict must be sustained by holding the affirmative of one of the following propositions : that the profits of land held under these circumstances, may be recovered in an action for use and oc379] cupation ; or that the money received by the defendant *as *384 rent, ex cequo et lono belongs to the plaintiff, and may be deemed money had and received to his use.
The law prescribing forms of action is in a great measure arbitrary, yet where the distinction between them is plainly and definitely marked by a course of decisions, we are not at liberty to transcend the boundaries. In Massachusetts a suit like the present might be supported; 10 Mass. 433; 17 Mass. 299; but in England, and New York, and in this state, it is settled by authorities too strong to be disregarded, that an action for use and occupation will be in those eases only where a tenancy subsists. 11 Taunt. 105; 6 Johns. 46; 13 Johns. 489; 4 Ohio, 205. The defendant entered on the land as his own, claiming title; consequently the suit is not sustainable in this aspect.
Where one man has money which equitably belongs to another, it may generally be recovered in an action of assumpsit for money had and received to the use of the plaintiff. And oven where the money is received after and in consequence of an act of trespass, in many cases the tort may be waived and the money itself sought by suit as received to the plaintiff’s use. Hambly v. Trott, Cowp. 378; Sir Th. Jones, 127; Cases Collated, Saund. Pl. and Ev. I. 127.
But it is believed to be unprecedented to waivo the tort where a trespass is committed upon lands under a claim of title. The case of Arris et al. v. Stukelcy, 2 Mod. 262, does not sustain such a position ; it shows only that where one receives my rent in my name, under a pretended authority from me, I may sustain assumpsit, because I may charge him in account as my receiver, and he may not deny his pretended authority. The action of assumpsit is an inconvenient form of litigating titles to lands, and it may lead to an injurious interference with the laws concerning occupying claimants. And it is unnecessary to extend this form of action to this case, since the law has otherwise furnished ample remedy. A judgment of restitution is incident to every judgment of reversal, and there is a plain mode for carrying it into effect. 10 Mass. 434; 13 Coke, 21; Rast Ent. 308; 12 Serg. & Rawl. 292; 4 Ohio, 375. The rights, therefore, of the plaintiff, subsist, or should subsist of record, and in our opinion they can not be asserted in the action of assumpsit.
It is unnecessary to decide the other point made as to the effect of the deed to Mrs. Hinde. The defendant is entitled to a new trial.