JOSHUA HUTTON, def't. b. appellant *vs.* WILLIAM WETHERALD, plaintiff below respondent.

If goods be taken tortiously and *sold,* the owner may wave the *tort* and recover the value in assumpsit.

But assumpsit cannot be maintained on a transaction from which no contract can be implied.

NEW CASTLE, May term, 1848. This was an appeal from the judgment of a justice of the peace, in an action of assumpsit, for the value of a small frame building erected by defendant on the property of John Flinn, for manufacturing purposes.

John Flinn being the owner of a lot of ground in Wilmington, gave Wetherald permission to build a small frame building on it for his own use. After the house was built, Flinn sold the lot to Richard Toppen, reserving the building to Wetherald, with privilege of removing it. It cost about $150, and was laid on six brick pillars.

The house was a building to boil bones in. It was erected originally with a chimney settled in the ground, and pillars of brick also settled in the ground. Before Toppen sold it to Hutton, the chimney was taken down; the establishment having been pronounced a nuisance. At the time this suit was brought, the house rested on the brick pillars and the chimney was away.

*Richard Toppen.*—Sold the lot to Hutton. Question—Was there a reservation of Wetherald's house?

*Mr. Bradford* objected to this as contradicting the deed, and as proving an interest in the land by parol.

*Mr. Whitely* insisted upon it, as not being a reservation of any

part of the realty, as he had proved the house was not fixed to the freehold.

*Whitely.*—Wetherald was a tenant of Flinn; occupied by his permission; built the fixture as a trade fixture; continued in possession under Toppen; and was in possession at the sale to Hutton.

*Bradford.*—Wetherald does not appear here as a tenant. He built a house on Flinn's land by permission; a house built as other houses, with brick abutments, &c., originally a chimney; Flinn sold the land to Toppen, and he to Hutton, house and all. The construction of a case as to fixtures in a question between landlord and tenant, is very different from such question as between vendor and vendee. This house was attached to the freehold. If this were a fixture, the remedy is not in an action of assumpsit against the vender of the land, but in trover against Toppen for illegally converting it by sale of the property to another without reservation.

*The Court* permitted the question to be put for the present, subject, &c.

*Toppen.*—At the sale to Hutton, I reserved this building for Wetherald. Hutton said he would give $60 for it; Wetherald asked $75; and said he would not take less. Hutton has since raised the building; put a story under it; and now uses it.

*Bradford* moved a nonsuit. The declaration has four counts: 1. for work and labor; 2. for goods sold and delivered; 3. for money lent; 4. for money had and received. There is no count to which the evidence at all applies, unless it is the count for goods sold and delivered. Admitting that the house is a chattel, the proof is not of a sale and delivery, but of a seizure by Hutton, and the suit by Wetherald to compel him to pay for it, the plaintiff never having agreed to sell, nor the defendant to purchase. There is not only no contract proved, but the contract is disproved.

*Whitely.*—I have the right to waive the tort in taking our house and converting it to his use, and sue him for the value.

*The Court* nonsuited the plaintiff. It is essential to support the count for goods sold and delivered, in an action of assumpsit, that there be a contract express or implied proved. A plaintiff may often waive a tort and bring assumpsit, as where there is a trespass and the trespasser sells the article, the owner may waive the tort and bring assumpsit for the money; or if a carrier suffers goods to

be lost or damaged, the owner may bring trespass or case.   But in this case the evidence contradicts any contract expressly, and the remedy of the plaintiff, if this were a chattel, was in trover for its conversion. *

Plaintiff nonsuited;

And a rule to show cause why the nonsuit should not be taken off was, after argument, discharged.

*Bradford*, for defendant.

*Whitely*, for plaintiff below.

---

* The cases are reviewed in *Jones* vs. *Hoar*, 5 *Pick.* 289.—

PARKER, *Chief Justice.*—The whole extent of the doctrine as gathered from the books, seems to be, that one whose goods have been taken from him or detained unlawfully, whereby he has a right to an action of trespass or trover, may, if the wrong doer sell the goods and receive the money, waive the tort, affirm the sale, and have an action for money had and received for the proceeds.   No case can be shown were assumpsit as for goods sold lay in such case, except it be against the executor of the wrong doer, the tort being extinguished by the death, and no other remedy but assumpsit against the executor remaining.   Such was the case of Hambly *vs.* Trott, *Cowp.* 371 ; *Maule & Selw.* 191-7 ; 1 *Taunt. Rep.* 112 ; 1 *B. & Cress.* 118 ; 4 *ib.* 8 ; 3 *Camp.* 351 ; *Chitty Con.* 23 ; 3 *New Hamp. Rep.* 386 ; 2 *Gill & Johns.* 342 ; 10 *Mass. Rep.* 433.