## D. W. C. BAXTER *et al. against* JOSEPH D. WEST.

Where plaintiffs consigned to A. a large quantity of forges for sale, allowed him to place their name over the door of the store where he kept the forges for sale, and paid the first two months' rent of such store: *Held*, that these facts were sufficient to justify the owner of the store in dealing with A. as being authorized to bind the plaintiffs for the further rent of the premises, and that he was not bound by a private agreement between the plaintiffs and A. that after the first two months A. should pay the rent.

The consent of the owner of the premises to their use is necessary to establish the relation of landlord and tenant, and where the owner objects to the use of the premises, he cannot afterwards maintain an action for rent.

APPEAL from a judgment.
The facts appear in the opinion.

DALY, Chief Justice.—I do not think that we would be justified in disturbing this judgment upon the assumption that the plaintiffs were entitled to recover anything. There is conflict upon the material point, whether Rhodes was or was not informed by the plaintiffs of their special arrangement with Zahn, when the agreement was made between Rhodes, Zahn and West for the extinguishment of Rhodes' indebtedness for rent to the defendant, upon Rhodes' agreement that the rent due to him by Zahn, might be paid by Zahn to the defendant. Rhodes, when finally called, testified that he thought that Forbes may have said something about such an arrangement after Zahn had been in occupation of the premises six or seven months and "just before he left." He explicitly denied that he had any previous knowledge of it, and so far as this question of fact was involved, it was a question for the judge, who must be assumed to have found upon the point in favor of the defendant.

Assuming then that Rhodes knew nothing of the special arrangement existing between Zahn and the plaintiffs, these facts appear: That Zahn hired a certain part of the premises occupied by Rhodes, as a place for carrying on the sale of the

plaintiffs' forges, representing to Rhodes that he had authority from the plaintiffs to hire the premises for them for that purpose; that the plaintiffs' name was placed over the door, and that the plaintiffs knew it, as one of them was in the habit of going there frequently; that it was the only place in the city where the plaintiffs' forges were sold, justifying Zahn's statement to Rhodes and the defendant, that he was the sole agent of the plaintiffs for the sale of their forges in this city; that rent of the premises had been paid by drafts drawn by Zahn on the plaintiffs, and delivered by Zahn to Rhodes, Forbes, one of the plaintiffs, admitting that they had paid the rent for the first two months, debiting the amount on Zahn's account; that Rhodes had been informed by a letter from the plaintiffs, that all their business in this city was to be transacted through their agent Zahn. These circumstances were sufficient to warrant Rhodes in assuming that Zahn's statement to him, that he was authorized to hire the premises for the plaintiffs, and that they were responsible for the rent, was true. The defendant was Rhodes' landlord. He owed the defendant $75, and $75 was due to him for the rent of the premises where the sale of the defendant's forges was carried on. The defendant, instead of receiving his rent from Rhodes, consented that that rent might be paid by Zahn, the plaintiffs' agent, by the delivery to the defendant of one of the plaintiffs' forges, Rhodes releasing Zahn from the payment of the same amount of rent to him, and the defendant, upon receiving the forge, releasing Rhodes from the rent he owed the defendant. This arrangement was made with the understanding on the part of the defendant and Rhodes, that the premises were hired for the plaintiffs by Zahn, as their agent for the transaction of their business in the city of New York, and I think there was sufficient to warrant the conclusion that the plaintiffs by their acts, had led the defendant and Rhodes to believe that Zahn had authority to do so. They suffered him to place their name over the door "Portable Forge Company," indicating to the world at large that that was their place of business in the city of New York; they paid drafts drawn upon them by Zahn for the rent, and informed Rhodes by letter that all their business

in New York was to be transacted through Zahn, and that he
was their only agent there.   This was holding him out as their
general agent for the transaction of their business in this city,
and indicating, as incident to that business, the right on his
part, as their agent, to hire premises where the forges they
were constantly sending on from Philadelphia, might be ex-
hibited for sale, and their business here carried on.   This
was especially so when they paid the drafts drawn upon
them for the rent, without any knowledge on the part of
Rhodes that there was a special agreement between them and
Zahn that they were to pay it only for the first two months.
Where an authority is given to an agent to receive consign-
ments in a distant city, of bulky articles like their forges, for
sale, which must be received and kept in some place where
they can be exhibited and sold, the right on the part of the
agent to hire suitable premises where they can be so received
and kept, will be implied as incident to the authority, for
such an authority carries with it as an incident, all the powers
which are requisite to effectuate and carry it out (Story on
Agency, §§ 97, 106, and cases there cited).

Here the agent, empowered by the plaintiffs' own admission
to receive consignments of their portable forges for sale in this
city, and to transact all their business here, represented when
he hired the premises that they would be responsible for the
rent; that their goods were to be consigned to him, and that he
was to act as their sole or general agent in this city.   Rhodes
let the premises upon this representation, believing it to be
true, and what subsequently took place, before the defendant
accepted a forge in payment of the rent assumed to be due by
the plaintiffs to Rhodes, and the rent due by Rhodes to the de-
fendant, was of a character to confirm both Rhodes and the
defendant, in the belief of the truth of what Zahn said, such as
the consignment by the plaintiffs of a large quantity of forges;
the putting up of their name over the door; the payment by
them of the first two quarters' rent; their statement that all the
business in New York was to be transacted through Zahn, their
only agent in New York; and the fact that Forbes, one of the
principals, came frequently to the place of business, and neces-

sarily knew that the name of his company was over the door. The defendant was thereby induced to take the forge in payment of the rent due to him by Rhodes, and release Rhodes, he and Rhodes acting innocently. The plaintiffs having by their acts enabled Zahn to do this, and though frequently in New York, they never having advised Rhodes of the special arrangement between themselves and Zahn, should bear the loss arising from the acts of an agent clothed with such general powers; they never, though having abundant opportunity to do so, having given any notice to the landlord of the limitation of his powers; that though their name was over the door, he and not they, by a special agreement which they had made with him, was to pay the rent. It is stated in the appellants' points that the sign over the door was "The Portable Forge Company, *Henry Zahn, Agent;*" but there is no evidence in the case that the sign contained the words, "Henry Zahn, Agent." The proof is that the sign was "The Portable Forge Company," and Zahn's testimony in addition is, "The sign was the sign of the company, *not my* sign."

But I do not see how, upon the evidence, the recovery of the $100 upon an implied contract for use and occupation, can be sustained. The premises hired by Zahn consisted of a part of the defendant's store, and as it was occasionally insufficient to hold all the forges that came, he was in the habit at times of extending them over that part of the store occupied by the defendant. If the defendant had recognized his or the company's right to do so, there might be sufficient to imply a contract for use and occupation of this additional space in the defendant's store. To warrant an implied contract, however, for use and occupation, the relation of landlord and tenant must exist, and as incident to that relation, the right, indicated by the landlord's acquiescence, of the tenant to occupy for the period for which rent is claimed (Taylor on Landlord and Tenant, §§ 173, 636, 642, and cases there cited; *Bancroft* v. *Wardwell*, 13 Johns. 489). This was not the case here. There is nothing to show that the defendant as landlord recognized Zahn's or the company's right to place their forges over the part of the store which he occupied. It is in evidence that nothing was said

between Zahn and the defendant about the occupation of the additional space, and that the defendant did not make any claim for it; but, on the contrary, as Zahn testified, he sometimes found fault with him for occupying the space alongside, and *made him move the forges.* When the landlord disclaims any such relation as that of landlord and tenant, by finding fault with the party who encroaches upon his premises, and removing the property that the party placed there, he cannot recover upon an implied contract, because his assent cannot in that case be implied (*Greton* v. *Smith*, 33 N. Y. Rep. 245; *Featherstonhaugh* v. *Bradshaw*, 1 Wend. 134). The law will imply a contract to pay rent from the mere fact of occupation, if the circumstances warrant the conclusion that the relation of landlord and tenant existed, and where the relation exists, the action for use and occupation may be maintained, although there was no actual occupation, if it appears that the power to occupy and enjoy was given by the landlord to the tenant, for so far as the landlord is concerned, he has, in that case, performed (*Izon* v. *Gutore*, 5 Bing. 501; *Hall* v. *The Western Transportation Co.* 33 N. Y. 285). But such is not this case. There was no agreement and no recognition by the landlord of the right to occupy; but, on the contrary, a disclaimer of it. It was a mere intrusion, and afforded no foundation for implying the existence of a contract. The judgment should be reduced to a simple judgment for the defendant, without costs to either party, as each has succeeded upon this appeal in part.

Loew and J. F. Daly, JJ., concurred.

Ordered accordingly.