SMITH
v.
STEWART.

*Where there is a contract for the purchase of land under which the purchaser enters into possession, but afterwards refuses to complete the purchase; the vendor cannot maintain an action of assumpsit against him for use and occupation, but must resort to an action of trespass and ejectment, to recover the mesne profits.*

## SMITH *against* STEWART.

THIS was an action, for the *use and occupation* of 50 acres of land, in *Kingsbury*. The cause was tried at the *Washington* circuit, in *June*, 1809, before Mr. Ch. J. *Kent*.

At the trial, *Zina Hitchcock*, the only witness for the plaintiff, testified, that he was the agent of *Joseph Smith*, the owner of the land, who resided in *England*, and father of the plaintiff; about 14 years ago, the defendant applied to the witness to purchase the land, and was informed that *Joseph Smith* was dead; but the witness agreed to sell the land to the defendant at 5 dollars per acre, and to give him a deed as soon as he should receive a power of attorney from the plaintiff; and the defendant, with the consent of the witness, took possession of the land, and has continued in possession ever since. At the time of the agreement for the purchase, the land was uncultivated; but has since been improved, and rendered more valuable. The witness received a power from the plaintiff, and offered to the defendant to execute a deed; and the defendant, from time to time, promised to pay the money, until the autumn of 1808, when he refused.

The chief justice inquired of the plaintiff's counsel, whether he could show any other agreement between the parties, except that for the purchase of the land; and being answered in the negative, he nonsuited the plaintiff.

A motion was made to set aside the nonsuit.

*Weston*, for the plaintiff. By the 31st section of the act concerning distresses, and for the better and more easy recovery of rents, &c. (11 sess. c. 36.) it is enacted that landlords, or their heirs or assigns, where the agreement is not by deed, may recover a reasonable satisfaction for lands, &c. held or occupied, in an action

on the case, for the use and occupation, and if on the trial, a *parol* demise, or any agreement for a rent certain, should appear, the plaintiff is not to be nonsuited, but the demise or agreement is to be used as evidence of the *quantum* of damages.

The statute was made not only to prevent landlords from being surprised, by the tenant's setting up a *parol* demise or agreement; but also to enable the plaintiff to recover for the use and occupation.* The statute meant to give an action to recover a reasonable satisfaction for the use and occupation, where there was no express promise to pay rent.†

The action of *assumpsit* for use and occupation, is founded on an implied, as well as an express promise. Wherever a tenant uses or enjoys premises, by permission of the owner, he is liable to an action on a *quantum meruit*.‡

*Foot* and *Russel*, contra. The law does not raise an implied promise where there is an express agreement. Here was an express agreement to purchase the land. It is true the agreement was by *parol*, and being executed in part, by taking possession, it could be enforced in chancery. It was a valid contract.§ The defendant, if he discovered, after he had entered into possession, that the plaintiff had not a good title, might well refuse to perform the agreement; and the plaintiff, if he wishes to enforce it, should resort to a court of equity. If the plaintiff should recover in this action, the real owner of the land, if the title is in another, might bring an action of ejectment against the defendant, and recover the *mesne profits*. The statute clearly contemplates the relation of landlord and tenant, and cannot apply where that relation does not exist.

Where a person enters upon land under a contract for the purchase, it is not as tenant, but *quasi* owner.

NEW-YORK,
May, 1810.

SMITH
v.
STEWART.

* 2 *Wils. Rep.* 214.

† 2 *Hen. Black.* 323. 1 *Comyns' Dig.* 183. (*Assump. A.* 1.)

‡ 2 *Comyn on Contracts*, 510, 511.

§ 1 *Comyn on Contracts*, 80, 81.

*Weston*, in reply. If the plaintiff had brought an action of trespass against the defendant, he could have protected himself by his contract. What remedy, then, has the plaintiff, after the refusal of the defendant, to fulfil the contract, but an action for the use and occupation? Because he may have a remedy in equity, it is no reason why he may not also have a remedy at law. The defendant might, if he thought proper, have resorted to a court of equity, as well as the plaintiff.

If the plantiff should bring an action of ejectment, he could recover the *mesne profits* only from the time when the possession became *tortious*, not under the contract; and suppose the defendant had quitted the premises before an action of ejectment was brought, what remedy would the plaintiff then have?

*\* 4 Esp. Rep. 59.*

In *Elliot* v. *Rogers*,\* it was held, that where there was an agreement by deed to demise, but not amounting to an actual lease, under which the party entered, the owner might maintain *assumpsit* for the *use* and *occupation*. In

*† Peake's N. P. Rep. 192.*

the case of *Hearne* and *Tomkins*,† there was a contract for a purchase, under which the defendent entered into the possession, supposing the plaintiff had a long term; but discovering afterwards that the plaintiff had an interest only for three years, he refused to complete the purchase, and was put to considerable expense while in possession; it was not pretended that an action would not lie for the use and occupation; but Lord *Kenyon* nonsuited the plaintiff, merely because the occupation, instead of being beneficial to the defendant, had been injurious.

*Per Curiam.* At common law, no action of *assumpsit* for rent would lie, except upon an express promise, made at the time of the demise. (*Johnson* v. *May*, 3 *Lev.* 150. *Bull. N. P.* 138.) The present action is given by the stat. of 11 *Geo.* II. c. 19. § 14. which we have adopted. (*Laws*, vol. 1. 146.) But this statute, from the terms of it, seems to apply only to the case of a *demise*, and where

NEW-YORK,
May. 1810.

there exists the relation of *landlord* and *tenant*, founded on some *agreement* creating that relation. So are the precedents. (2 *H. Black.* 319.) Here the defendant did not enter under such a relation, but under a contract for a deed. He, therefore, entered under a colour of title which might have been enforced in equity. He finally refused to perform the contract, and changed himself into a trespasser; and the better opinion is, notwithstanding the case of *Hearn* and *Tomlin*, (*Peake's N. P.* 192.) that he never was strictly a tenant, and never entitled to notice to quit, nor liable to distress, or to an action of *assumpsit* for rent. He is liable in another way, to be turned out, as a trespasser, and is responsible, in that character, for the *mesne* profits. The motion to set aside the nonsuit is therefore denied.

Judgment of nonsuit.