JOHN DEN on the demise of JOHN BRAY v. DANIEL McSHANE.

In the action of ejectment, the lease set forth in the declaration, is entirely fictitious. The claimant may feign any lease consistent with his legal rights, and within the scope of his legal powers ; but when feigned, and when admitted on the trial, it is to be tested by the same rules, as if actually made and produced.

It is a fixed rule, that the day, on which the demise alleged to have been made, must be subsequent to the time, when the claimant's right of entry accrues.

A judgment in ejectment is conclusive evidence of the title of the lessor to mesne profits accruing, subsequent to the day of the demise, during such time, as the defendant has held the premises in question.

The court will not set aside a verdict, because the demise in the declaration is dated on a day, anterior to the time, the right of entry accrued, but will permit the plaintiff to amend his declaration, by changing the time of the demise, to a suitable subsequent day.

Where a party is in possession of premises, under an agreement, which contains this clause, " in case a failure is made in any of the payments, previous to the deed being executed, the said Bray shall be privileged to take possession of the premises," he is not entitled to notice to quit or demand of possession ; the lessor of the plaintiff is authorized by the letter of the agreement, to take possession, and having the right of entry, can maintain an action of ejectment, and no notice to quit or demand of possession is necessary. The failure of payment, like the efflux of the fixed time of a lease, is sufficient notice.

This was an action of ejectment, tried in the Middlesex circuit, at the December term 1830, and a verdict rendered in favor of the plaintiff. On the return of the postea, the defendant obtained a rule to shew cause, why the verdict should not be set aside; and the reason relied upon, was, that no notice to quit was given to the defendant, previous to the commencement of the suit.

*Wood* in support of the rule, and *Kirkpatrick* contra.

The CHIEF JUSTICE delivered the opinion of the court.

On the trial in the Circuit Court for the county of Middlesex, after the evidence on both sides was closed, it was "agreed by the counsel of the parties, that a verdict should be rendered for the plaintiff, with liberty to the defendant to move the Supreme Court upon any questions of law, arising in the cause."

The following are the facts. The lessor of the plaintiff was the owner of the premises in question on the 12th day of August 1823. On that day an agreement in writing was entered into, between him and the defendant, under their hands and seals, whereby, in consideration of several sums of money, to

be paid by the latter, the first thereof on the 1st day of November, 1824, the next on the 1st day of May, 1825, the residue on the succeeding first days of November and May, except the last three payments, which were to be on the first day of May, in the years 1830, 1831 and 1832, the lessor of the plaintiff engaged " on the several payments as above particularized, being duly made to the 1st day of May, 1828, inclusive, then to execute to the defendant a deed," for the premises in question, which at the time of making the agreement, were in possession of one Locey, who was to deliver the possession to the defendant, on the first day of May next after the date of the agreement. On the execution of the deed, the defendant was to secure the remaining payments by bond and mortgage. And it was " farther agreed, that in case a failure is made in any of the payments, previous to the deed being executed, that the said Bray shall be privileged to take possession of the premises, and that the said McShane shall pay him for such time, until he does take possession, agreeably to what is above written." The defendant went into possession under the article of agreement, and made the first three payments to the lessor of the plaintiff, not precisely as they became due, but subsequently thereto. Nine other instalments having accrued, and being unpaid, the present action was commenced by the service of the declaration, with notice to February term, 1830. The demise is dated on the 2d day of May, 1824, for ten years, from the first day of the same month, and the ouster is said to have taken place on the 2d day of May, 1828.

Can the plaintiff maintain the present action ? Is he entitled to recover?

In the action of ejectment, the lease set forth in the declaration is entirely fictitious. It follows that no such lease can be produced on the trial. The admission or confession of the defendant, according to the stipulation of the consent rule, stands in the place of the production of a lease, and is equivalent thereto. But it extends no farther. It neither admits the right of the claimant to make such lease, nor its validity when made. The claimant may feign such lease as he pleases, or more properly speaking, he may feign any lease consistent with his legal rights, and within the scope of his legal powers. But when

Den *v.* McShane.

feigned and when admitted on the trial, it is to be tested by the same rules, as if actually made and produced. Hence it follows that the lease must be consistent with the title of the lessor, and contain such a demise as would, if actually made, have transferred the right of possession to the lessee. In the ancient practice, an actual entry on the lands in question, was made by the lessor, and there the lease was sealed and delivered. In modern practice an actual entry is not necessary, nor is it made, because by the form of procedure, it is to be confessed on the trial; but the right to make an actual entry is indispensable, for if the claimant has not a right to enter, he cannot have a right to make a demise of the lands. Hence it is a fixed rule that the day on which the demise is alleged to have been made, must be subsequent to the time when the claimant's right of entry accrues. And it follows that if the demise is stated to have been made, anterior to the accrual of the right of entry, the plaintiff must necessarily fail, because the lease, which is an indispensable though imaginary part of his title to recover, is not confessed to have legal efficacy and operation, although, for the purpose of the trial, it is confessed to exist. *De facto* only, not *de jure* it is admitted. In *Good title* v. *Herbert* 4 *D. & E.* 680, the defendant held the premises by a parol lease with the lessor of the plaintiff for four years, which, under the statue of frauds, constituted a tenancy at will. Possession was demanded on the 5th of October, and the demise was stated to have been made on the first day of the same month. Lord Kenyon said ; " A tenant at will is not a trespasser. Here the tenancy was not determined until after the day of the demise in the declaration and consequently the plaintiff cannot recover." In *Berrington* v. *Parkhurst, Andr.* 125 ; 2 *Str.* 1086, to avoid a fine which had been levied, the lessor of the plaintiff made an actual entry. In the declaration he laid the demise on an antecedent day. It was argued that upon the entry, the lessor's estate was revested, and he might therefore maintain trespass for an act done subsequent to the disseisin, and also lay his demise, prior to the repossession. But it was held in the King's Bench and afterwards in the House of Lords, that the demise being laid before the time of the entry, the action could not be maintained. The same doctrine will be found in *Compere* v. *Hicks*, 7 *D. & E.* 277.

In the case before us, the demise is said to have been made on the 2d day of May, 1824. Now it is manifest that at that time, and to say at least until the first day of November, 1824, when the first payment was to have been made, the defendant was lawfully in possession of the premises, and the lessor of the plaintiff had then no right of entry, and consequently no valid or legal right to make the lease mentioned in the declaration. By the terms of the agreement, the defendant was entitled to hold the premises without disturbance, until after the first payment accrued, nor until then, to use their very language, was Bray " privileged to take possession." He could not by his lease, transfer to another, a power to do what he himself could not do. Moreover, the first and second and third instalments were actually paid to him. 'Instead of taking possession on the failure to pay them at the stipulated times; he has, by the actual receipt of them, recognized the possession of the defendant as lawful until the date of the last of them; and he must be deemed to have received for the time covered by those three instalments, an equivalent, in the nature of rent, according to the terms of the article of agreement. If it be said, whatever may be the time of the demise, the action was not commenced until 1830, when several other instalments had become payable, upon the failure of any one of which, the claimant was privileged to take possession," and that the time of the demise is, therefore, as unimportant as it is fictitious. The answer to this argument is conclusive, and shews the wisdom of the rule that the demise must be subsequent to the accrual of the right of entry. A judgment in ejectment is conclusive evidence of the title of the lessor to the mesne profits accruing subsequent to the day of the demise, during such time as the defendant has held the premises in question. If judgment in this action, as the declaration now stands, should be rendered for the plaintiff, he would in a subsequent action for the mesne profits, after proving the defendant to have been in possession of the premises from the second day of May 1824, entitle himself to recover the mesne profits from that day; and the defendant could not question or dispute it; although it now appears, he was, during a portion of the time, in lawful possession, and has actually made compensation according to the agreement of the parties for the use of the prem--

ises during that period; for, as already remarked, the judgment conclusively and incontrovertibly establishes the right to recover the mesne profits from the day of the demise. *Aslin* v. *Parkin*, 2 *Burr.* 665; *Buller N. P.* 87; *Van Alen* v. *Rogers*, 1 *John. cases*, 281.

As this declaration now stands, therefore, the verdict should be set aside; the time of the demise being antecedent to the accrual of the right of entry, the plaintiff cannot recover.

This difficulty, we are not at liberty to overlook, although not noticed by the counsel of either party in the briefs upon which the cause was submitted to us, since when pointed out by the court, the defendant does not think proper to waive it, and since it might, therefore, as not waived, be made the subject of an assignment of error in the Court of Appeals, if our judgment should be rendered for the plaintiff. Inasmuch however, as this ground was not taken by the defendant's counsel in his brief, and as the plaintiff's counsel therefore was not apprised of the importance of relief from the difficulty, he ought to be allowed an opportunity to apply for an amendment of the declaration as to the time of the demise; and for the reasons and upon the authorities mentioned in the case of *Den on the demise of Williamson* v. *Snowhill*, I am of opinion this court, on his application, may, and ought to amend the declaration by changing the time of the demise to a suitable subsequent day, such as the 2d day of November 1826, posterior to the time of the instalment which succeeds the last payment made on the 11th of October 1826, of part of the purchase money, and posterior to any act of the lessor of the plaintiff, so far as is shewn by the state of the case, in recognition of the character of the defendant as a vendee or tenant.

Presuming then that such amendment will be moved for and made, I proceed, in order to avoid delay, to examine the principal question in controversy between the parties, and which was intended by them to be presented to this court for determination. Was the defendant entitled to a notice to quit, or a demand of possession, prior to the institution of this suit, and can it, without either, be maintained?

The character of a vendee coming into possession of real estate under articles of agreement for purchase and sale, and

Den v. McShane.

remaining in possession after a failure on his part to comply with the stipulations he has contracted to fulfil, has been frequently brought under examination, and is not yet perhaps, clearly and satisfactorily settled. The following are some of the principal cases in the English books. *Right* v. *Beard*, 13 *East* 210; *Doe* v. *Lowder*, 1 *Starkie* 308; *Doe* v. *Sayer*, 3 *Campb.* 8. The doctrine maintained by the Supreme Court of New-York, may be found in *Smith* v. *Stewart*, 6 *John.* 46; and *Jackson* v. *Miller*, 7 *Cowen*, 751, where the antecedent cases are reviewed; and in *Jackson* v. *Moncrief*, 5 *Wend.* 26. In *Den* v. *Mackey*, 1 *Penn* 421, upon a trial in the Circuit Court, Justice Pennington held that a person who went into possession by the consent of the owner and had continued "fifteen years improving the premises, with a reasonable expectation that he was to have it for life," ought not to be turned out of possession or subjected to an action and costs, without notice. This, however, was not a case of vendor and vendee, nor did the defendant take possession under an agreement for purchase.

The nature of the article of agreement into which the parties before us entered, renders it unnecessary to enquire into this subject at large. It differs from the article in common use. It contains this peculiar clause. "In case a failure is made in any of the payments previous to the deed being executed, the said Bray shall be privileged to take possession of the premises." By the very letter of the agreement, the lessor of the plaintiff was authorized to take possession on the 2d day of November 1826. He had then a right of entry. He had consequently a right to maintain an action of ejectment. And having the right of entry, no notice to quit or demand of possession was necessary. The lessor of the plaintiff, as already remarked, appears to have since done no act to alter his situation or diminish his right or power. The defendant, the vendee, has, by his own agreement, subjected himself, upon failure on his part to the resumption of possession by the vendor. Failure of payment is the preliminary for which the parties have stipulated, not notice or demand. The failure of payment, like the efflux of the fixed time of a lease, was sufficient notice. And of the termination of his right to remain, and of his consequent liability

Den *v.* McShane.

to be dispossessed, the defendant was fully aware, without any notice or demand to apprise him of his situation.

The demise then being properly laid, I hold the plaintiff is entitled on the merits, to recover, and that judgment should be rendered for him upon the verdict.

FORD, J. and DRAKE, J. concurred.

Amendment made and judgment rendered for the plaintiff.

CITED in *Den* v. *Drake,* 2 Gr. 527; *Cornelius* v. *Joins,* 2 Dutch 384; *Vreeland* v. *Ryerson,* 4 Dutch. 207.