### BELL versus ELLIS' HEIRS.

An action of assumpsit for rent, will not lie at Common Law, except on an *express promise* made at the time of the demise.

The act of 1812, in relation to the action of assumpsit for rent, applies only to the case of a demise, and where there exists *an agreement* creating the relation of landlord and tenant.

So, where A has the possession of land under an agreement of sale from B, who had no legal title to dispose of it; this action can not be maintained by the owners of the land to recover of A, rent for its use and occupation.

In error from Morgan Circuit Court.

This was an action of assumpsit, instituted by Gragg, as next friend of Ellis' heirs, to recover rent for the use and occupation of a tract of land, of which Ellis died deceased. So much of the bill of exceptions as determined this cause, showed, that the widow of Ellis married one White, who, independent of the requisitions of a special statute, authorising the sale of the land referred to, entered into an agreement of sale with Bell, under which the latter held the land in possession. The land being subsequently sold by the administrator of Ellis' estate, in conformity with the statute, the present action was brought for use and occupation, against Bell. The jury found a verdict in favor of the plaintiffs below, and the case was brought to this Court for revision.

CRAIGHEAD, for Plaintiff—HOPKINS, *contra*.

WHITE, J.—The heirs of John Ellis brought this action of assumpsit in the Court below, against the plaintiff in error, to recover rent for the use and occupation of a certain quarter section of land, in 1825, of which their said ancestor, died, possessed.

The bill of exceptions shews, that Samuel Gragg, and the widow of said Ellis, having administered on his estate, had, for some years previous to 1824, rented said land, and applied the proceeds to the support of the widow and family----she never having had her dower assigned. Prior to 1824, one John S. White married said widow, and as administrator in right of his wife, together with Gragg the other administrator, rented said land for that year to Bell, the plaintiff in error. By an act of the Legislature, the personal representatives of Ellis were authorised, upon certain conditions therein specified, to sell this land. It was proved that Bell was in possession for the year 1825, and that some time early in that year he contracted with said White for the purchase thereof, but not in the manner sanctioned by the act of Assembly. After the year 1825, the land was sold according to the provisions of the act, to one Turner, for about four thousand dollars. The plaintiffs in the Circuit Court offered said John S. White as a witness. The defendant objected to his competency on the ground of interest; but the Court overruled the objection, and White being examined, testified essentially different from the other witness as to the sale to Bell. In this state of facts the Court charged the jury, that they should consider the sale made by White as void, he having no interest or power to sell in any other manner than that prescribed by the statute, and that such sale formed no bar to the recovery of rent from the defendant as tenant. Bell then moved the Court to charge, as in case of non-suit, for the non-joinder of White, as plaintiff in the action, who, it was insisted, was entitled to his wife's dower. But the Court refused, and charged, that White had no interest in the

suit, as the dower of his wife had not been set apart.

By the assignment of errors, the correctness of these several opinions are brought to our view, together with the further question, whether, under the state of facts presented by the record, the action of assumpsit, for use and occupation on an implied promise will lie. As the last is a question which may be decisive of the case, I shall notice it first. The action of assumpsit for rent will not lie at Common Law except upon an *express promise*, made at the time of the demise. The action, such as the one we are now considering, is given by our act of December, 1812,[a] which is transcribed from the English statute, 11th Geo. II, c. 19, s. 14; and this applies, as it would seem, from its very terms, only to the case of a demise, and where there exists the relation of landlord and tenant, founded on some agreement creating that relation. In New-York, this statute of Geo. II, is as here, incorporated with their Code, and in the case of *Smith* vs. *Stewart*,[b] the above principles are recognised. From them, the Court there concluded, " that the defendant having entered upon the lands under a contract for deed, such contract so destroyed the relation of landlord and tenant, between him and the vendor, that the latter could not recover in assumpsit for rent, though the purchaser had himself refused to complete the purchase. The same doctrine is held in *Kirtland* vs. *Poinsett*.[c] The Court there decide, that if a purchaser take possession of premises under a contract of sale, which on account of a defect in the vendor's title fails to be completed, the vendor can not afterwards recover rent for the period of the purchasers possession, upon an implied contract for use and occupation.

[a] Aik. Dig. 701.

[b] 6 Johns. Rep. 46.

[c] 2 Taunt. R. 145.

The cases cited from 13 *Johns.* 240 and 297 do not seem to conflict with those already referred to. They only determine that assumpsit for use and occupation, will lie upon an implied promise when a tenant holds over after the expiration of a lease by deed. In the first case the Court say "that the holding over is characterised by the previous lease, and must be deemed a holding by implied permission of the original lessor; and in the other, they expressly distinguish it from the one of *Smith* vs. *Stewart.*"[a]  Then [a] 6 Johns. 46. the correct doctrine of the books is this—that this action upon an implied promise for rent, will only lie in virtue of the statute, and when the relation of landlord and tenant is preserved, and that this relation will be destroyed when the possession is held under a contract of sale, though that contract may be void, ineffectual to convey the premises, or even prevented by the purchaser himself.  These principles are evidently fatal to the present action.  For Bell held possession in 1825, under a contract with John S. White, for the sale of the land, which though manifestly void, had the effect to destroy the relation of landlord and tenant which we have seen, is essential to the maintainance of the action.  As this disposes of the whole case, it is useless to consider the other assignments of error.

The judgment of the Circuit Court must be reversed.