WILLIAM L. HOWE *versus* JOHN K. RUSSELL.

Assumpsit for use and occupation of land will not lie, unless upon some contract between the parties, express or implied.

ON MOTION FOR NEW TRIAL, from *Nisi Prius*, CUTTING, J., presiding.

The facts in this case are fully stated in the opinion of the Court.

*Wm. Fessenden*, for plaintiff.

*John S. Abbott*, for defendant.

HATHAWAY, J. — On the third day of September, 1838, Joseph Russell conveyed his farm in Skowhegan to Osgood Sawyer, which farm, on the 4th of September, 1845, Sawyer conveyed to the defendant, who occupied it after that time, claiming title under his deed.   On the 19th of May, 1847, an execution in favor of Francis B. Blanchard against Joseph Russell, was levied on the farm as Joseph Russell's property, and seizin and possession thereof delivered to the plaintiff, who claimed to be the owner of the execution, and, on the 25th of May, 1847, Blanchard conveyed the farm to the plaintiff, who filed and entered his bill in equity against the defendant and Joseph Russell, on the 13th of September, 1848, in which bill he averred that the defendant held said farm in trust for Joseph Russell, in fraud of the plaintiff, and prayed that said Joseph and John K. Russell might be required to convey the farm to the plaintiff, "and come to a full and fair account of the rents, income and profits thereof, and for all strip and waste by them done and committed on the premises."

In due course of proceedings in chancery upon this bill, on the ninth of May, 1854, the Court decreed that the conveyance of the farm by Joseph Russell to Osgood Sawyer was a mortgage, and that it had been fully paid and discharged, and that Joseph and John K. Russell should release and convey said farm to the plaintiff, &c.   In obedience to

which decree, the defendant and Joseph Russell did convey the farm to the plaintiff, by deed dated the 15th, and acknowledged the 18th of September, 1854; and this action of *assumpsit* was brought to recover pay for the use and occupation of the farm from May 15th, 1847, to the date of the plaintiff's writ, September 15th, 1854.

The verdict was for the defendant, and the case is presented on a motion for a new trial, because, as the plaintiff alleges, the verdict was against the evidence.

The defendant's counsel contends that, as there was a prayer in the plaintiff's bill for an account of the rents and profits, the whole matter embraced in this suit having been also embraced in the bill in equity, must be considered as having been finally adjudicated upon, in that process. This may present a question worthy of the plaintiff's consideration, but the Court have no occasion to decide or consider it, for the defendant also contends, in support of the verdict, that an action of *assumpsit* for use and occupation, cannot be maintained by the evidence reported. And such is the opinion of the Court.

Assumpsit for use and occupation of land will not lie, unless upon some contract between the plaintiff and defendant, express or implied.

Here was no express contract, and no evidence is perceived from which a contract can be implied.

The defendant had the legal record title to the land, and occupied it, claiming it as his farm. The Court decreed that the plaintiff was, in equity, entitled to it.

The defendant was a disseizor, and the plaintiff *treated him as such.* There was no relation of landlord and tenant existing between them.

The defendant resisted the plaintiff's claim of title, to the extent of his power, and yielded only to the mandate of the Court.

The evidence does not sustain *this* action, and the verdict was right. *Wyman* v. *Hook,* 2 Greenl. 337; *Porter* v. *Hooper,* 2 Fairf. 170; *Bancroft & ux.* v. *Wardwell,* 13 Johns. 489;

*Notes* by Rand & al. in *Cummings & ux.* v. *Noyes,* 10 Mass. 433, edition of 1851; *Larrabee* v. *Lumbert,* 34 Maine, 79.

*Motion overruled. —*

*Judgment on the verdict.*

TENNEY, C. J., and APPLETON, MAY, and GOODENOW, J. J., concurred.