114    SUPREME COURT OF COLORADO.

Charles et al. v. Eshleman.            Dickson v. Moffat.

## DICKSON V. MOFFAT.

1. Where one contemplates entering into possession of the lands of another to occupy for use, and is informed by the lessor that he can do so upon terms stated, or for a reasonable compensation, and the party thereafter makes entry, and occupies and uses the land, it is a good acceptance of the terms proposed, and he will become thereby bound under an implied contract to pay the sum named, or if no sum is named then such price as the use was reasonably worth.

2. When the trial is to t e court, the finding will not be dist.rb d unless m nifestly against the weight of evidence.

*Appeal from District Court of Summit County.*

THE facts are stated in the opinion.

Mr. J. W. HORNER and Mr. R. D. THOMPSON, for appellant.

Mr. C. C. POST, for appellee.

Stone, J. The appellee had judgment in the court below. The case was tried by the court upon agreement of the parties, without the intervention of a jury, and is brought up by appellants, who were defendants in the court below. The principal error assigned is that the findings and judgment of the court are against the weight of evidence in the case. Plaintiff sued to recover, as for rent, the value of the use and occupation by defendants of certain placer mining claims. There was evidence that before defendants entered upon the ground to work, they were informed by plaintiff's agent that they would have to pay $300, if they worked the claims of plaintiff; that the defendants objected to the price named, but thereafter went upon the ground and worked during that mining season, taking therefrom a large amount of gulch gold; that in the fall, when they settled up with the plaintiff's agent, with whom they had been working as partners upon several claims in connection with the claims of plaintiff, the defendants refused to pay the $300 then demanded for the use of plaintiff's ground.

Upon the hearing, the court, as appears by the record, found:

First. That defendants, jointly with one Michael L. Coatney, worked certain mining claims, the property of the plaintiff, to wit: No. 8 in 5th tier, and No. 7 in 6th tier, below discovery on west side of Gold Run, Union Mining district, Summit county, during the mining season of the year 1874.

Second. That said Coatney was, at and before the said working, the duly authorized agent of said plaintiff; that prior to said work being done, Coatney informed defendants that if said claims were worked by them they should pay $300 for the use of said claims.

Third. That no agreement was reached at the time of this conversation, but that the defendants, by proceeding to work said claims, by not claiming they had a previous contract with Coatney to work the property on other terms, by admissions to witnesses Thorne and Peabody, conceded the demand to pay plaintiff the sum of $300 as the defendants' proportion for the use of said premises; and that defendants have failed

to prove that the prior contract relied upon by them included these claims, unless they should pay a consideration therefor.

Fourth. That in July, 1871, defendants and said Coatney became partners, to preempt and work five certain claims in vicinity of plaintiff's claims, to share profits and expenses equally, and that the two claims of plaintiff's above mentioned, with three others of plaintiff's claims, were to be included in the partnership arrangement, on same terms, except that a reasonable sum was to be paid plaintiff for use of his claims, but no sum was then mentioned.

Fifth. That said copartnership arrangement was not in writing, but was carried out, and all expenses and profits shared equally between said parties named, including profits from claims of plaintiff, but that defendants have paid nothing, either to plaintiff or his agent, for their share of the use of plaintiff's claims, and that defendants are jointly liable therefor.

Sixth. That the reasonable value of the use of said claims, while occupied by said parties, is the sum of $500, two-thirds of which defendants are liable to pay.

Seventh. The court therefrom finds that defendants are justly indebted to the plaintiff in the sum of $300.

It is contended by counsel on behalf of the appellants, that they never accepted the proposition to pay the sum of $300, or any other sum, for such use of plaintiff's ground.

Where one contemplates entering into the possession of the lands of another, to occupy for use, is informed by the lessor that he can do so upon terms stated, or for reasonable compensation, and the party thereafter makes entry, occupies and uses the land, it is a good acceptance of the terms proposed, and he will become thereby bound, under an implied contract, to pay the sum named, or, if no sum is named, then such price as may be established by evidence to be what the use was reasonably worth.

It is also insisted, that if the evidence shows any contract at all, it was a contract for the *sale* of the claims in question to

Dickson v. Moffat.

appellant. This theory is inconsistent with the testimony of appellants themselves: that they received no deed for the property and had no title therein, and that they did not, therefore, sell the claims when they sold their own property, and that they never paid plaintiff anything, either as purchase price or rent. The contract was substantially a lease.

It is further contended that appellants were entitled to the use of the ground during the year they worked it, 1874, by virtue of an alleged verbal contract made with plaintiff's agent in 1871. But if such verbal contract can be considered as binding under the statute, beyond the period of one year from the time it was made, this, nevertheless, cannot avail the appellants, since under this agreement they were to pay a reasonable compensation for the use and occupancy of the plaintiff's claims, and in this respect the evidence supports the judgment. The contract was a very loose one, and of such a character as should never be entered into without a full understanding by the parties, and committed to writing; but from a review of the whole evidence, we are satisfied the findings of the court below and judgment thereon are fairly sustained by the testimony, and under the familiar rule laid down in *Barker* v. *Hawley*, 4 Col. 317, the finding will not be disturbed unless manifestly against the weight of evidence. The judgment will be affirmed.

*Judgment affirmed.*

Justice BECK, before whom, as District Judge, the case was tried below, did not sit in this case.