### HENNESSEY v. HOAG ET UX.

ACTION FOR USE AND OCCUPATION — HOW MAINTAINED.— An action for use and occupation cannot be maintained, except where the relation of landlord and tenant has existed between the parties. Unless there has been an agreement, express or implied, from which an obligation to pay for the use of the premises can be inferred. some other remedy than an action for rent, or for use and occupation, must be resorted to.

*Error to the Superior Court of Denver.*

THIS action was commenced before a justice of the peace; hence, there are no written pleadings. The action was by Hennessey, plaintiff below, against Mr. and Mrs. Hoag, defendants, to recover for the use and occupation of certain premises for three months, at the rate of $35 per month. Upon appeal in the superior court, after hearing the evidence, finding and judgment were rendered in favor of defendants. The plaintiff brings the case to this court by writ of error.

Mr. W. W. COOKE and Mr. GREELY W. WHITFORD, for plaintiff in error.

Messrs. SULLIVAN & MAY, for defendants in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The assignments of error in this court question the correctness of the decision of the lower court upon the law and the evidence. The facts of the case are practically undisputed.

The plaintiff, Hennessey, claimed to be the lessee in possession of an unexpired term of certain real property, though he did not actually occupy it. Hennessey had some negotiations with Hoag about renting the premises. They disagreed about the price; Hennessey asked $35 per month; Hoag offered $25 per month. Neither would yield; and so they separated, Hoag saying that he could do better. Hoag afterwards obtained possession from the same party under whom the plaintiff claimed, but not by, through or under plaintiff. It was admitted on the trial that defendants never agreed to pay rent to plaintiff. They always refused to pay rent to plaintiff; and never recognized him as their landlord, either before or after obtaining possession.

Counsel for plaintiff in error relies upon the opinion in the case of *Dickson v. Moffat*, 5 Colo. 116, wherein it says:

"Where one (who) contemplates entering into the possession of the lands of another, to occupy for use, is informed by the lessor that he can do so upon terms stated, * * * and the party thereafter makes entry, occupies and uses the land, it is a good acceptance of the terms proposed, and he will become thereby bound, under an implied contract, to pay the sum named."

The *Dickson-Moffat Case* is not altogether analogous to the present case. In that case the court found upon conflicting evidence that the entry by defendants *was an acceptance* of the terms previously stated by the plaintiff, and that they did not enter under authority from any other person or in pursuance of any other contract or agreement. In this case the evidence is *express* that the defendants not only refused to accept the plaintiff's terms, but that the entry was under a letting from another and different party, and that defendants always refused to pay rent to or acknowledge plaintiff as their landlord in any manner; so the possession of defendants was clearly adverse to that of plaintiff.

An action for use and occupation cannot be maintained except in cases where the relation of landlord and tenant

has existed between the parties.   Unless there has been an agreement, express or implied, from which an obligation to pay for the use of the premises can be inferred, some other remedy than an action for rent or for use and occupation must be resorted to.   1 Chitty's Pleading (16th Am. ed.), p. 120; Wood's Landlord & Tenant, sec. 549; Taylor's Landlord & Tenant, sec. 636; *Smith v. Stewart*, 6 Johns. 46; *Howe v. Russell*, 41 Me. 446; *Fulsom v. Carli*, 6 Minn. 420.

There is no ground for disturbing the finding of the superior court.   The judgment is accordingly affirmed.

*Affirmed.*