[No. 1890.]

TRATHEN v. KIPP.

LANDLORD AND TENANT—REPAIRS—OFFSET FOR RENT.
Repairs made by a tenant on leased premises with the consent and by direction of the landlord and for which the landlord agreed to pay may be offset against the rent account by the tenant, and the landlord is bound to allow the same.

*Error to the County Court of Clear Creek County.*

Mr. I. N. SMITH, for plaintiff in error.

Mr. E. M. SABIN, for defendant in error.

BISSELL, P. J.

Mrs. Trathen was the owner of a couple of lots in Idaho

Springs and the improvements on them. Kipp was her tenant. In 1895 she rented them to Kipp for $10.00 a month. In 1896 on her employment, he put some screen doors and screen sashes on the property and continued his occupation. In 1897, in April, Mrs. Trathen gave notice to Kipp that from the expiration of his then tenancy the rent would be $15.00 per month payable in advance. When the latter sum became due, there was some question as to what happened. The complaint alleges he refused to pay. The answer says that he did nothing of the kind, but in response to the notice and at the time of its maturity, he went to the landlady and gave her $10.00 in money and said that the value of the work he had done by her consent and direction was $5.00, and he would receipt for that sum and thereby pay the month's rent. Kipp further alleges that he settled on this basis, the landlady accepting the money and agreeing to allow him that amount for the repairs, and therefore he was not bound to respond to the notice and get out. This is the only practical issue in the case. The pleading setting it up seems not to have been denied, but regardless of that fact the case went to trial in the justice's court, and the plaintiff had judgment for $7.50. Therefrom the tenant appealed to the county court. There the case was tried to a jury and the defendant had a verdict. The verdict was set aside, a new trial granted, and then the plaintiff moved for judgment on the pleadings on the ground that the defendant had pleaded nothing which constituted a defense. The defendant made a countermotion likewise asking for judgment on the ground that his plea was good, and the facts being conceded, he was entitled to judgment. The court agreed and entered judgment accordingly.

We see no error in the record suggested by the briefs of counsel which entitles us to disturb the judgment. It would seem that the real question presented to the county court and the one on which both parties relied was whether if the plea was sustained by proof, it would amount to a defense. Brushing aside all technicalities about it, this is

really the only matter involved and the only question about which there could be any dispute. We are inclined to agree with the court on this question. It seems to us that the work done by the tenant was work in the nature of repairs on the property of the landlady, put there with her consent and by her direction, and for which she agreed to pay. Such repairs when done by stipulation and agreement are matters which the landlord is bound to allow on the rent account, and it is quite impossible for him to authorize and direct repairs to be done by a tenant and then compel the payment of the full amount of rent without settlement. The value of the repairs seems not to have been disputed, and further the defendant alleges that when he paid the $10.00, the landlady agreed to take it in settlement and call the rent paid. We cite no general authorities on the question, though we might refer in passing to *Dickson v. Moffat*, 5 Colo. 114, and *Mitchell v. McNeal*, 4 Colo. App. 36.

The controversy between the parties is very slight, and really about the only thing involved is the matter of costs. We do not discover any error in the record affecting the substantial rights of the parties which will permit us to disturb the judgment. Parties doubtless have the right to litigate controversies of this sort, but we gravely question the wisdom of the procedure and doubt seriously whether in the long run any advantage accrues to the litigants.

Since the plaintiff is unable to suggest any proposition on which a reversal can be legally and safely predicated, we must necessarily affirm the judgment.

*Affirmed.*