## JORDAN F. STINSON *versus* JOHN ROSS.

A sale of real or personal property on execution is not vacated by a reversal of the judgment on which it issued.

When the officer's return of a sale of an equity of redemption on execution shows that the proper notices have been given, it is not necessary that the deed should also show it.

The owner of the equity of redemption of real estate may maintain a real action for its possession against any one, except the mortgagee and those claiming under him.

ON REPORT from *Nisi Prius*, CUTTING, J., presiding.

WRIT OF ENTRY. The demandant claimed under a sale of the equity of redemption on an execution issued on a judgment afterwards reversed on error; and also under an assignment of the mortgage.

*Libbey*, for demandant, cited 6 Peters, 8, and 8 Wend., 9.

*Stewart*, for tenant, cited *Cummings* v. *Noyes*, 10 Mass., 433.

The opinion of the Court was drawn up by

WALTON, J. — This is a writ of entry. The demandant claims title as assignee of a mortgage and purchaser of the equity of redemption at a sheriff's sale.

One question is whether a sale on execution is vacated by a reversal of the judgment on which it issued. We think

a reversal of the judgment will not have that effect. Upon the reversal of a judgment in a real action, the plaintiff in error will be restored to the land which he lost by it. *Cummings* v. *Noyes*, 10 Mass., 433. If judgment in a personal action has been satisfied by a levy on real estate, and the judgment is afterwards reversed, the levy is thereby avoided, and the plaintiff in error may recover the lands, even after they have passed into the hands of a *bona fide* purchaser for value. *Bryant* v. *Fairfield*, ante p. 149. But when property, real or personal, has been *sold* on execution, the sale will not be vacated by a reversal of the judgment; and the writ of restitution, after the reversal, issues only for the amount for which the property sold on the execution. *Gay* v. *Smith*, 38 N. H., 171. Such is the law independently of the Act of 1860, c. 138, § 2, which, being passed after the sale in this case, can have no bearing upon it.

It is objected that the sheriff's deed in this case does not show that the statute requirements in regard to notice were complied with. It is not necessary that it should. The officer's return on the execution shows that the proper notices were given, and that is sufficient. *Welsh* v. *Joy*, 13 Pick., 477.

In *Pratt* v. *Skofield*, 45 Maine, 386, the deed being the only evidence relied upon to prove the sale, (the officer having died without making any return on the execution,) and the recitals being too defective to show that the statute requirements in regard to notice had been complied with, the Court held that the deed was inoperative. But this decision is not applicable to a case where, as in this case, there is a good and sufficient return on the execution.

We think the demandant's title under the sale on the execution is valid; and this renders it unnecessary to decide whether the assignment of the mortgage from Catherine Ross to the demandant was valid or not; for being the owner of the equity of redemption, and not being resisted by the mortgagee, or any one claiming under her, the de-

mandant is entitled to possession of the land, as against the tenant, independently of the assignment.

*Judgment for demandant.*

APPLETON, C. J., CUTTING, DAVIS and BARROWS, JJ., concurred.