ST. PAUL GASLIGHT COMPANY v. MARY T. KENNY.[1]

January 19, 1906.

Nos. 14,528—(150).

**Descent of Real Property.**

Real property inherited by a child from its father's estate descends, under subdivision 7, § 4471, G. S. 1894, where the child dies without issue and before coming of age, to its surviving brothers and sisters.

**Vacating Final Decree—Fraud.**

A final decree of the probate court assigning real property to the heirs may be vacated and set aside by the probate court on the ground that it was obtained by fraud; but to justify such action as against a stranger to the record, who purchases the property from one of the distributees, such purchaser must be connected, by actual or constructive notice, with the fraud.

Appeal by St. Paul Gaslight Company from an order of the district court for Ramsey county, Kelly, J., denying a motion for a new trial. Reversed and remanded with instructions.

*How, Butler & Mitchell,* for appellant.

*A. F. Storey,* for respondent.

BROWN, J.

The facts in this case, so far as here material, are as follows: Patrick Kenny, a resident of Ramsey county, died intestate in July, 1886, leaving surviving him his widow and two daughters, Mary, respondent in this action, then ten months of age, and Catherine, about three years old. At the time of his death Kenny was the owner of certain real estate, situated in Ramsey county, a part of which constituted his homestead. Administration was had of his estate, and in April, 1888, a final decree of distribution was made by the probate court, by which the homestead was assigned to the widow for life and an absolute title to a one-third interest in all other real estate owned by Kenny; the remaining two-thirds being assigned to the two daughters, share and share alike. The daughter Catherine died in January, 1890, at the age

[1]Reported in 106 N. W. 344.

of six years, being then the owner of the real estate so inherited from her father and so decreed to her by the probate court, and leaving as surviving heirs her mother and sister Mary. Her estate was probated, and resulted in a final decree of the probate court assigning the real estate so inherited to the mother as sole heir. The sister Mary became of age in September, 1903, and in October, 1904, applied to the probate court to vacate and set aside the final decree in Catherine's estate, by which the real property in controversy was assigned to her mother, on the ground that the same was obtained by fraud. Long prior to this application the mother, claiming to be the owner of the real estate so decreed to her, sold and conveyed the same to the St. Paul Gaslight Company, a corporation, which, for aught that appears from the record, purchased the same for value and in good faith, in reliance upon the validity of the probate decree. To the end that its rights might be protected, the gaslight company was made a party to the proceedings to obtain a vacation of the probate decree, and appeared by counsel, at the time set for hearing, and interposed an objection to the effect that the probate court had no jurisdiction to hear or determine the validity of its title, which would necessarily be affected and impaired by the vacation of the decree. The objection was overruled, and the application heard and denied by the probate court. The petitioner appealed to the district court, where, on a hearing de novo, the order of the probate court was reversed, and an order entered vacating the decree, on the ground, as found by the court, that it was obtained by fraud. The gaslight company moved for a new trial, and appealed from an order denying it.

There is no question but that the property inherited by the deceased Catherine from her father's estate, she having died before coming of age and leaving no issue, descended to her surviving sister. Subdivision 7, § 4471, G. S. 1894, provides that real estate so inherited shall, under the circumstances disclosed by this case, descend to the surviving brothers and sisters of the deceased child, and there can be no question but that the decree in the case at bar, assigning the property to the mother, was erroneous. But it is not attacked on that ground, but on the claim that it was obtained by fraud. The probate court had jurisdiction to set it aside for that reason, the fraud being clearly shown

(Fern v. Leuthold, 39 Minn. 212, 39 N. W. 399), but had no jurisdiction to inquire into or determine the validity of the title acquired by the gaslight company through its purchase from the deceased child's mother; and this court is limited, in the consideration of the case, to the questions which were within the authority of that court. The application to vacate the decree was based upon the ground that it was obtained by fraud, and the only question which we deem it advisable to refer to is whether the findings of the trial court that it was so obtained are sustained by the evidence as against the gaslight company. Whether the decree might properly be set aside for other reasons is not before the court.

As already suggested, the probate court, and the district court on appeal from its decision, had jurisdiction to vacate the decree for fraud; but it is clear that, to justify such action as against the gaslight company, it should be connected with the fraud. No fraud appears on the face of the record, and whatever fraud may have been committed by the mother in procuring the decree can affect the gaslight company only upon its being shown to have participated in it, or that it had actual or constructive notice thereof before its purchase of the property. Our examination of the record leads to the conclusion that there is no evidence in the case sufficient to charge the gaslight company with a participation in the alleged fraud, or that at the time of its purchase of the property it had either actual or constructive notice of the same. Such being the case, the court below should not have unconditionally vacated the decree as to the company. Whatever rights it may have to the property can only be determined by a court having full and complete jurisdiction in the premises. If not connected with the fraud, and it was otherwise a good-faith purchaser, its title will be protected. 2 Freeman, Judg. § 484; 14 Am. & Eng. Enc. (2d Ed.) 163; Gowen v. Conlow, 51 Minn. 213, 53 N. W. 365; Stinson v. Ross, 51 Me. 556, 81 Am. Dec. 591.

In so far as the other real estate is concerned, the order vacating the decree may stand; but if, on a new trial in the court below, the gaslight company is not connected with the fraud relied upon, the decree should not be vacated in so far as it or its right to the property purchased by it is concerned.

Order reversed and cause remanded for a new trial in accordance with the views herein expressed.

JAGGARD, J. (concurring.)

I concur in this opinion because the case, as it appeared in this court, did not necessarily or properly present for decision questions as to the want of jurisdiction in the probate court to make the original decree assigning the real property in controversy to the mother (see Noon v. Finnegan, 29 Minn. 418, 13 N. W. 197) and as to the invalidity of that decree upon its face for want of necessary jurisdictional facts, and questions as to constructive fraud, if the jurisdiction of the probate court to make that decree be based on the appearance for the minor by her mother, and all other questions connected with and arising out of the jurisdiction of that court to decree the property to the mother.